J-S35015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES WILLIAM CARR BOVA | : | |
| | : | |
| Appellant | : | No. 624 MDA 2025 |

Appeal from the PCRA Order Entered April 3, 2025
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000131-2021

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                          **FILED: MAY 8, 2026**

Appellant, Charles William Carr Bova, appeals from the order entered on April 3, 2025, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful consideration, we vacate and remand for additional proceedings.

The PCRA court summarized the facts and procedural history of this case as follows:

> On or about November 15, 2021, [Appellant] was sentenced to [an aggregate] term of [incarceration of] eight (8) [to 24] months less one day (1) day followed by five (5) years of consecutive probation as a result of guilty pleas to one count of corruption of minors, a third[-]degree felony, and one count of criminal attempt-unlawful contact with a minor, a felony of the second[-]degree. [Appellant] completed his parole on November 17, 202[3], and entered into the probationary aspect of his sentence. As a probation condition, [Appellant] was prohibited from possessing, viewing, listening [to] or reading any pornographic images and/or materials of a sexual nature.

On or about March 23, 2024, the Clinton County Adult Probation Office had occasion to conduct a search of [Appellant's] [cellular tele]phone and found the phone to contain sexually explicit photo[graphs] and pornographic videos [depicting adults engaged in sexual acts], a majority of which were saved to [Appellant's] phone. Following this discovery, [Appellant] was detained and a probation revocation petition was filed. [Appellant] admitted to violating the terms of his probation, and the court resentenced [Appellant] to serve an aggregate sentence of fourteen (14) months to seventy-two (72) months [of incarceration] followed by three (3) years of consecutive probation [by order entered on April 16, 2024].

PCRA Court Opinion, 4/3/2025, at *2 (superfluous capitalization omitted).

Appellant filed a timely PCRA petition on December 12, 2024. The PCRA court appointed counsel who filed an amended PCRA petition on February 10, 2025. Therein, Appellant argued that revocation counsel was ineffective for failing to challenge the legality of the resentencing order imposed on April 16, 2024. Appellant argued that 42 Pa.C.S.A. § 9771(c), pertaining to modification or revocation of probation, was amended and should have governed Appellant's resentencing.[1] More specifically, Appellant argued that

---

[1] 42 Pa.C.S.A. § 9771(c) (modification or revocation of order of probation) was amended by Act 44 of 2023. **See Commonwealth v. Seals**, -- A.3d -, 2026 PA Super 29 at *1 n.3, (Feb. 17, 2026) (*en banc*), *citing* Act of Dec. 14, 2023, P.L. 381, No. 44 (effective June 11, 2024). As discussed at length below, "Act 44 substantially limited the court's resentencing authority under [Section 9771](c)." **Id.** at *5. The newly enacted provision provides that "[t]here is a presumption against total confinement for technical violations of probation." 42 Pa.C.S.A. § 9771(c). "[T]hrough the enactment of Act 44, [S]ection 9771(c) prohibits the court from imposing a sentence of total confinement for a technical violation of probation, subject to delineated exceptions, and imposes specific, relatively short maximum sentences for a period of confinement imposed for a first or second technical violation." **See Seals**, 2026 PA Super 29, at *6.

Section 9771 was amended and became effective on June 11, 2024, but the amended statute applied retroactively to his resentencing which occurred on April 16, 2024. **See** Amended PCRA Petition, 2/10/2025, at *2, ¶ 11 ("Although 42 Pa.C.S.A. § 9771(c)(1) became effective on June 11, 2024, Section 5 of 2023 Pennsylvania Legis. Serv. Act 2023-44, states that its statutory amendments, from which 42 Pa.C.S.A. § 9771(c)(1) emanates, 'shall apply to individuals sentenced or resentenced prior to the effective date of this section.'"). More specifically, because the amended version of Section 9771(c) applied, Appellant argued that his "technical violation was the first and only violation during [Appellant's] term of supervision, [therefore] he should not have been sentenced to an incarceration term exceeding fourteen (14) days." **Id.** at *3, ¶ 13. Accordingly, Appellant maintained his revocation sentence exceeded the lawful maximum, that trial counsel was ineffective for failing to raise this claim, and that he was eligible for relief under both 42 Pa.C.S.A. § 9543(a)(2)(ii) (ineffective assistance of counsel) and (a)(2)(vii) (imposition of a sentence greater than the lawful maximum). **Id.** at *3, ¶ 14-16.

In rejecting Appellant's claims, the PCRA court found that the amended version of Section 9771 did not become effective until June 11, 2024, almost two months after Appellant was resentenced, and, therefore, "[t]here [was] no legal authority that would have required the [revocation c]ourt to apply the amended version of [Section] 9771 on April 16, 2024." Trial Court Opinion, 4/3/25, at *2. ("Trial counsel was under no obligation to object based on a

- 3 -

legal theory that was inapplicable at the time of sentencing."). Moreover, the PCRA court concluded that "even if the amendments were applicable[,]" Appellant's violation of probation "was 'sexual in nature' thereby qualifying as an exception under [newly enacted] 42 Pa.C.S.A. § 9771(c)(1)(iii)(A) which permits total confinement." *Id.* Finally, the PCRA court noted that "[d]iscretionary aspects of sentencing are not a basis for PCRA relief" but detailed its review of a presentence investigation report, sentencing guidelines, the testimony of a character witness, Appellant's military service, Appellant's sex offender status, and the probation violation at issue to conclude that its sentence of 14 to 72 months "was consistent with the guideline revocation resentencing forms in effect as of April 16, 2024 and [was] therefore legal." *Id.* at *3. By order and opinion entered on April 3, 2025, the PCRA court denied relief. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

1. Did the trial court err by denying Appellant's [PCRA] petition, which argued that [] Appellant's trial counsel was *per se* ineffective when counsel failed to argue that the trial court imposed an illegal sentence when, on April 16, 2024, the trial

---

[2] Appellant filed a notice of appeal on May 2, 2025. On May 27, 2025, Appellant complied timely with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 30, 2025, pursuant to Pa.R.A.P. 1925(a), the PCRA court adopted its earlier opinion entered on April 3, 2025. On November 20, 2025, this Court entered an order staying this appeal pending the *en banc* decision in **Commonwealth v. Seals**, 1350-1352 MDA 2024. Our Court decided **Seals** on February 17, 2026 and, accordingly, this case is currently ripe for disposition.

court failed to re-sentence Appellant pursuant to the Pennsylvania Act 44 amendments?

Appellant's Brief at 2.

Appellant argues that the plain language of the new amendments to Section 9771(c) "apply to individuals sentenced or resentenced **prior** to the effective date" of "June 11, 2024." *Id.* at 10, *citing* 42 Pa.C.S.A. § 9771(c)(2) (emphasis added). Appellant asserts that the legislature intended the presumption against confinement for technical violations of probation and the amendments were to be applied retroactively to those resentenced prior to the June 11, 2024 effective date. *Id.* at 12-13. Appellant concludes that he received an illegal sentence and that he is entitled to relief under the PCRA. *Id.* at 14. Appellant argues that he is eligible for relief under the PCRA, and that his sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place" because he received "[t]he imposition of a sentence greater than the lawful maximum." 42 Pa.C.S.A. § 9543(a)(2)(ii) and (vii).

"Under our standard of review for an appeal from the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." *Commonwealth v. Phillips*, 344 A.3d 360, 366 (Pa. 2025) (citation omitted). A petition for relief under the PCRA must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, the trial court revoked probation and resentenced Appellant on April 16, 2024. Because Appellant

did not file a notice of appeal, his sentence became final on May 16, 2024, upon the expiration of the time for taking an appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). As such, Appellant's PCRA petition filed on December 12, 2024 was timely.

"[T]he court may only revoke a defendant's probation for a technical violation … if the preponderance of the evidence establishes that the defendant violated a specific condition of probation or committed a new crime." *Seals*, 2026 PA Super 29, at * 5. In this case, Appellant admitted and stipulated that he violated the technical terms of probation and it was his first violation. N.T., 4/16/2024, at 5-6; *see also* Appellant's Brief at 7 (on appeal, Appellant is not challenging the determination that he violated the terms of her probation). As such, we affirm Appellant's revocation of probation.

As mentioned, on June 11, 2024, our legislature "amended multiple Sentencing Code provisions pertaining to probation," including "Act 44." *Seals*, 2026 PA Super 29, at * 5, *citing* Act of Dec. 14, 2023, P.L. 381, No. 44, § 9. As we explained in *Seals*,

> prior to Act 44, [S]ection 9771(b) allowed the trial court, upon revocation, to choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. Section 9771(b) was implicitly limited by 9771(c), which prohibited a trial court from imposing a resentence of total confinement unless the trial court found that the defendant was convicted of another crime, his conduct indicated he would likely commit another crime unless confined, or total confinement was essential to vindicate the authority of the court. So long as one of the three prerequisites for revocation was met, however, the trial court had discretion to choose the length of total confinement,

with its only limitation being the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Id.* (internal quotations and citations omitted).

As previously stated, "Act 44 substantially limited the court's resentencing authority under [Section 9771](c)." *Id.* The newly enacted provision provides that "[t]here is a presumption against total confinement for technical violations of probation." 42 Pa.C.S.A. § 9771(c). "[T]hrough the enactment of Act 44, [S]ection 9771(c) prohibits the court from imposing a sentence of total confinement for a technical violation of probation, subject to delineated exceptions, and imposes specific, relatively short maximum sentences for a period of confinement imposed for a first or second technical violation." *See Seals*, 2026 PA Super 29, at *6.

The new provisions of Section 9771(c)(1) and (2) provide, *inter alia*, that the trial court "may impose a sentence of total confinement upon revocation only if:"

> (i) the defendant has been convicted of another crime;
>
> (ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or
>
> (iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:
>
>> (A) The technical violation was sexual in nature.
>>
>> (B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another,

including acts committed against a family or household member.

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under ... [t]he Controlled Substance, Drug, Device and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

42 Pa.C.S.A. § 9771(c)(1)-(2).

Ultimately, in ***Seals***,

[w]e reject[ed] the trial court's contention that Act 44 applie[d] only to defendants who were sentenced or resentenced to probation on or after June 11, 2024, and the corollary that Act 44 d[id] not apply [] because Seals was resentenced to a term of total confinement. By its express terms, Act 44 does not limit its application to individuals resentenced to probation. ***See*** Act of Dec. 14, 2023, P.L. 381, No. 44, § 5(1)-(2). Nor would such an interpretation make logical sense, as Act 44 plainly restricts a trial

court's authority to impose a term of total confinement upon resentencing. **See** 42 Pa.C.S.A. § 9771(c). Moreover, the modifications made by Act 44 to the Sentencing Code extend beyond probation resentencing.

Uncodified provisions of Act 44 state that it "shall apply" to two groups: (1) "individuals sentenced or resentenced on or after the effective date of this [S]ection"; and (2) except for [S]ection 9774.1,31 "individuals sentenced or resentenced **prior** to the effective date of this [S]ection." **See** Act of Dec. 14, 2023, P.L. 381, No. 44, § 5. **Stated another way, by its express terms, Act 44's amendments** (other than [S]ection 9774.1) "**are to be construed retroactively**," as "clearly indicated under the provisions of the statute." **Commonwealth v. Shaffer**, 557 Pa. 453, 734 A.2d 840, 843 (1999) (citation omitted).

At the General Assembly's directive, Act 44's amendments codified at 42 Pa.C.S.A. § 9771(c) apply to Seals because he was resentenced after the effective date of Act 44. But even if he had been sentenced prior to the effective date of Act 44, the General Assembly makes clear that it would still have applied to him. Thus, the trial court erred by applying the prior version of [S]ection 9771(c) when imposing Seals' resentence.

Because the trial court found that the amended version of [S]ection 9771(c) did not apply to Seals' resentencing, it did not make any findings as to whether Seals' technical violations satisfied the prerequisites to imposing a sentence of total confinement. **See** 42 Pa.C.S. § 9771(c)(1). Further, Seals' sentence of total confinement [was] far greater than the maximum authorized sentence for a first (or second) technical probation violation. **See id.** § 9771(c)(2)(i). As the trial court exceeded the authority bestowed upon it under the applicable version of [S]ection 9771(c) to impose a sentence of total confinement following the revocation of Seals' probation, his sentence [was] illegal. Accordingly, we vacate[d] Seals' judgment of sentence and remand[ed] to the trial court for resentencing pursuant to the amended version of [S]ection 9771.

**Seals**, 2026 PA Super 29, at *19 (emphasis added).

Here, in light of our *en banc* decision in **Seals**, we conclude that the

amended version of Section 9771(c) applied when Appellant was resentenced

upon the revocation of his probation. Although Appellant's technical violation of probation allegedly occurred on March 23, 2024, and the trial court revoked Appellant's probation and resentenced him on April 16, 2024, before the June 11, 2024 effective date for amendments to Section 9771, **Seals** makes clear that the amended statute applies to Appellant since his revocation sentence was imposed after the adoption of the statutory amendment but before the effective date.[3] **See Seals**, 2026 PA Super 29, at \*19. As such, the trial court erred as a matter of law in applying the prior version of the statute. Upon further review of the revocation proceeding, the trial court did not make sentencing determinations or specific findings as to whether Appellant's technical violation satisfied the prerequisites for imposing a sentence of total confinement under 42 Pa.C.S.A. § 9771(c). More specifically, the court did not consider whether, for purposes of Section 9771(c)(1)(ii), clear and convincing evidence showed that Appellant's technical violation involved an identifiable threat to public safety and that he could not be safely diverted from total confinement through less restrictive means. **See** 42 Pa.C.S.A. § 9771(c)(1)(ii). In addition, the court did not consider whether, for purposes of Section 9771(c)(1)(iii), a preponderance of the evidence showed that

---

[3] Section 9771(c)'s amendments are to be construed retroactively, with limited exceptions which do not apply and are irrelevant instantly.

Appellant's technical violation was sexual in nature[4] or involved assaultive behavior, possession or control of a firearm, sale of narcotics, abscondence, and/or three occasions of intentional failure to adhere to recommended programming. *See* 42 Pa.C.S.A. § 9771(c)(1)(iii). Accordingly, the trial court, failing to make the required factual findings, lacked authority to impose its sentence of total incarceration. Moreover, the trial court's sentence of 14 to 72 months of imprisonment, with a consecutive term of three years of probation, clearly exceeds "a maximum period of 14 days" as set forth in 42 Pa.C.S.A. § 9771(c)(2)(i).[5] For all of the foregoing reasons, Appellant's sentence is illegal. Accordingly, we affirm the revocation of Appellant's probation, but remand for resentencing consistent with this decision.

PCRA order vacated. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

_____

[4] While the Commonwealth presented evidence that the alleged probation violation was the result of the probation officer's discovery of "numerous videos, numerous photographs of different individuals" saved on Appellant's cellular telephone, which the Commonwealth described as an "organized pornography collection for someone who has sex offender condition," the trial court did not make relevant record findings under the new version of 42 Pa.C.S.A. § 9771(c). *See* N.T., 4/16/2024, at 5-6 and 17-20.

[5] We also note that, contrary to the express terms of 42 Pa.C.S.A. § 9771(c)(2), the trial court did not consider Appellant's employment status prior to imposing a sentence of total confinement.

Judgment Entered.

![signature]

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/08/2026